**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Sheila Abigial Herrera Heredia,

Plaintiff,

vs.

Michelle Drywall LLC, et al.,

Defendants.

No. CV-25-01216-PHX-SPL

**ORDER**

Before the Court is Plaintiff's Motion for Default Judgment (Doc. 16). Defendants Michelle Drywall LLC, Luis Alfredo Arriaga Funes, and Jane Doe Funes (collectively "Defendants") have not yet appeared in this action and did not respond to the Motion. For the following reasons, the Court will grant the Motion.[1]

**I. BACKGROUND**

Zayas Specialized Labor LLC ("Zayas") is a national staffing agency that hires individuals to contract work with third parties. (Doc. 1 at 8–10, ¶¶ 32, 34, 42, 49). From December 2024 through early January 2025, Zayas and Ramiro Zayas Villalobos hired Plaintiff to work for Defendants Michelle Drywall LLC ("Michelle Drywall") and Luis Alfredo Arriaga Funes "as a painter, painting homes and buildings." (*Id.* at 10, ¶ 51). During her four-week employment with Defendants, Plaintiff's pay rate was $27 per hour.

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. *See* LRCiv 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

(*Id.* at 9–10, ¶¶ 42, 52–53). Plaintiff worked approximately sixty hours during her first week of employment and sixty to seventy-two hours a week during her final three weeks of employment. (*Id.* at 11–12, ¶¶ 61, 70). Defendants did not pay Plaintiff any wages for her first week of employment (*Id.* at 11–12, ¶¶ 62, 71), nor did Defendants pay Plaintiff her overtime premium wage for the hours worked in excess of forty hours per week, (*Id.* at 13–14, ¶¶ 76–78, 80, 83).

Plaintiff filed a Complaint on April 10, 2025, against Zayas, Ramiro Zayas Villalobos, Michelle Drywall, Luis Alfredo Arriaga Funes, and Jane Doe for unpaid minimum and overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), unpaid minimum wages under the Arizona Minimum Wage Act, A.R.S. § 23-362, et seq. ("AMWA"), and unpaid wages under the Arizona Wage Act, A.R.S. § 23-350, et seq. ("AWA").[2] (Doc. 1). Defendants were served[3] on July 19, 2025 (Docs. 8–10), but failed to answer or otherwise respond. *See* Fed. R. Civ. P. 12(a)(1)(A). On September 16, 2025, Plaintiff filed an Application for Entry of Default pursuant to Federal Rule of Civil Procedure ("FRCP") 55(a), (Doc. 13), which the Clerk of Court entered the following day, (Doc. 14). Plaintiff filed the present Motion for Default Judgment against Defendants on February 11, 2026. (Doc. 16).

## II. DISCUSSION

### a. Subject Matter Jurisdiction, Personal Jurisdiction, and Service

When default judgment is sought against a non-appearing party, a court has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place."). A court has a similar

---

[2] Zayas and Ramiro Zayas Villalobos were dismissed as parties to this action on September 15, 2025. (ME 11).

[3] A Motion for Alternative Service was granted on July 11, 2025. (Doc. 7).

duty with respect to service of process. *See Fishman v. AIG Ins. Co.*, No. CV-07-00589-PHX-RCB, 2007 WL 4248867, at *3 (D. Ariz. Nov. 30, 2007) ("Because defendant has not been properly served, the court lacks jurisdiction to consider plaintiff's motions for default judgment."). These considerations are "critical because '[w]ithout a proper basis for jurisdiction, or in the absence of proper service of process, the district court has *no power to render any judgment* against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process.'" *Id.* (quoting *S.E.C. v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007)) (alteration in original).

The Court has subject matter jurisdiction because Plaintiff's FLSA claim invokes federal question jurisdiction. (*See* Doc. 1 at 2–3, ¶¶ 3, 8); *see also* 29 U.S.C. § 216(b) (an action to recover damages related to unpaid minimum wages may be maintained against employers "in any Federal or State court of competent jurisdiction."). The Court may exercise supplemental jurisdiction over Plaintiff's state law claims as they pertain to the same case or controversy: Plaintiff's unpaid minimum and overtime wages. *See* 28 U.S.C. § 1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."); *see also Kuba v. 1–A Agric. Ass'n*, 387 F.3d 850, 855–56 (9th Cir. 2004) ("Nonfederal claims are part of the same 'case' as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." (citation omitted)).

As to personal jurisdiction, the Court has personal jurisdiction over Defendants because Defendants do business in Arizona, the alleged conduct occurred in Arizona, and Defendants were properly served. *See Pennoyer v. Neff*, 95 U.S. 714, 722 (1877) ("[E]very State possesses exclusive jurisdiction and sovereignty over persons and property within its territory."); *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (recognizing that a federal court lacks personal jurisdiction over a defendant unless the defendant is properly served); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (Where

"there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits."). According to the Complaint, Michelle Drywall is a limited liability company that does business in Arizona. (Doc. 1 at 4, ¶ 12). Defendant Luis Alfredo Arriaga Funes is the owner of Michelle Drywall. (*Id.* at 4, ¶ 14). Defendants were properly served[4] on July 19, 2025. (Docs. 7–10); Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A); Ariz. R. Civ. P. 4.1(k). Having found that jurisdiction and service are proper, the Court now turns to whether default judgment is appropriate.

**b. Default Judgment Analysis: *Eitel* Factors**

"A defendant's default does not automatically entitle a plaintiff to a default judgment." *Hartford Life & Accident Ins. Co. v. Gomez*, No. CV-13-01144-PHX-BSB, 2013 WL 5327558, at *2 (D. Ariz. Sept. 24, 2013). Instead, once a default has been entered, the district court has discretion to grant a default judgment. Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors the Court may consider include: (1) the possibility of prejudice to the plaintiff; (2) the merits of the claim; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the policy favoring a decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

i. First, Fifth, Sixth, and Seventh *Eitel* Factors

"In cases like this one, in which Defendants have not participated in the litigation at all, the first, fifth, sixth, and seventh factors are easily addressed." *Zekelman Indus. Inc. v. Marker*, No. CV-19-02109-PHX-DWL, 2020 WL 1495210, at *3 (D. Ariz. Mar. 27, 2020). The first *Eitel* factor—the possibility of prejudice to Plaintiff—weighs in favor of granting default judgment. Defendants have failed to appear in this action, despite having been

---

[4] A Motion for Alternative Service was granted on July 11, 2025. (Doc. 7).

served on July 19, 2025. (Docs. 8–10). If the Court denies Plaintiff's Motion, Plaintiff will likely "be without other recourse for recovery." *Zekelman*, 2020 WL 1495210, at *3 (citing *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)).

The fifth and sixth *Eitel* factors—the possibility of a dispute concerning material facts and whether default was due to excusable neglect—also weigh in favor of granting default judgment. Given the sufficiency of the Complaint (discussed below) and Defendants' default, the Court finds that "no genuine dispute of material facts would preclude [the Court from] granting Plaintiff's motion." *PepsiCo*, 238 F. Supp. 2d at 1177. Additionally, since Defendants were properly served and have never appeared in this case, the Court finds it unlikely that Defendants' failure to appear and the resulting default was the result of excusable neglect. *See Zekelman*, 2020 WL 1495210, at *4 ("Due to Defendants' failure to participate, there is no dispute over material facts (except as to damages) and no indication that default is due to excusable neglect.").

The seventh *Eitel* factor—the policy favoring a decision on the merits—generally weighs in favor of denying default judgment because "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. This consideration is not dispositive, however, as default judgments exist to deal with wholly unresponsive parties. *Zekelman*, 2020 WL 1495210, at *4; *PepsiCo*, 238 F. Supp. 2d at 1177. Defendants' unexplained absence makes a decision on the merits impossible. Thus, the Court is not prohibited from entering default judgment against Defendants. *See Emp. Painters' Tr. v. Ethan Enters.*, 480 F.3d 993, 1000–01 (9th Cir. 2007); *Zekelman*, 2020 WL 1495210, at *4 ("[T]he default mechanism is necessary to deal with wholly unresponsive parties who could otherwise cause the justice system to grind to a halt. Defendants who appear to be 'blowing off' the complaint should expect neither sympathy nor leniency from the court." (citation omitted)). Accordingly, the first, fifth, sixth, and seventh *Eitel* factors either weigh in favor of, or do not preclude default judgment.

ii. Second and Third *Eitel* Factors

The second and third *Eitel* factors—the merits of the claims and the sufficiency of the Complaint—also weigh in favor of granting default judgment. "These two factors are often analyzed together and require courts to consider whether a plaintiff has stated a claim on which it may recover." *Zekelman*, 2020 WL 1495210, at *5 ("[C]ourts often consider the second and third [*Eitel*] factors to be the most important." (citation omitted)). When the complaint sufficiently states a claim for relief, these factors favor a default judgment. *See Danning v. Lavine*, 572 F.2d 1386, 1388–89 (9th Cir. 1978); *Mosley v. Boston Mkt. Corp.*, No. CV-19-05890-PHX-SPL, 2020 WL 4464396, at *1 (D. Ariz. Aug. 4, 2020).

Plaintiff asserts unpaid and overtime wage claims against Defendants in violation of the FLSA, 29 U.S.C. §§ 206–07, and unpaid wage claims in violation of the AMWA, A.R.S. § 23-363, and the AWA, A.R.S. § 23-350. (Doc. 1 at 15–20, ¶¶ 92–114). Section 206 of the FLSA requires employers to pay a minimum wage to employees "who in any workweek [are] engaged in commerce or in the production of goods for commerce, or [are] employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a). "To establish a minimum-wage . . . violation of the FLSA, Plaintiff must establish three elements: (1) [Plaintiff] was an employee of Defendants, (2) [Plaintiff] was covered under the FLSA, and (3) Defendants failed to pay [Plaintiff's] minimum wage or overtime wages." *Smith v. Nov. Bar N Grill LLC*, 441 F. Supp. 3d 830, 834 (D. Ariz. 2020) (citing 29 U.S.C. §§ 206(a), 207(a)). To establish an overtime wage claim, Plaintiff must allege at least one week where she worked more than forty hours and was not paid overtime wages for those hours. *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 646 (9th Cir. 2014); *see* 29 U.S.C. § 207(a).

As to the first element, Plaintiff states she was Defendants' employee as defined by the FLSA. (Doc. 1 at 7, 10, ¶¶ 23, 56). The Complaint alleges that Defendants "had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants." (*Id.* at

4–5, ¶¶ 13, 15). Plaintiff also pleads the second element because she alleges she "was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in [2023 and] 2024." (*Id.* at 9, ¶¶ 44–45); *see Rodriguez v. Pride Dealer Servs. Inc.*, No. CV-23-01955-PHX-ROS, 2024 WL 1991443, at *2 (D. Ariz. May 6, 2024) ("An employee can be covered under the FLSA through (i) enterprise coverage if the employer has annual gross sales or business done greater than $500,000; or (ii) individual coverage if the employee is 'engaged in commerce or in the production of goods for commerce.'" (citing 29 U.S.C. §§ 203(s)(1)(A), 206(b))). Finally, as to the third element, Plaintiff alleges Defendants failed to pay her owed wages. (Doc. 1 at 11–12, 17, ¶¶ 62, 71, 101–02). Plaintiff further alleges that she "worked in excess of 40 hours in a given workweek without receiving one and one-half times her regular rate of pay, in violation of the FLSA, 29 U.S.C. § 207(a)." (*Id.* at 13, ¶ 78). Thus, Plaintiff submitted well-pled factual allegations—that Defendants failed to pay her minimum wages for approximately sixty hours of work and failed to pay her one and one-half times her regular hourly rate of pay for each hour worked in excess of forty hours per work week—that, taken as true upon default, sufficiently show Defendants violated the FLSA.

Plaintiff's factual allegations also show Defendants violated the AMWA. To state a claim under the AMWA: (1) the defendant must be an employer under the statute; (2) the plaintiff must be a qualified employee of the defendant; and (3) "the plaintiff must allege that [they were] not paid the applicable minimum wage for [the] hours worked." *Coe v. Hirsch*, No. CV-21-00478-PHX-SMM (MTM), 2021 WL 5634798, at *2 (D. Ariz. Dec. 1, 2021) (citing A.R.S. § 23-363). An employer under the AMWA includes any corporation, limited liability company, or individual "acting directly or indirectly in the interest of an employer in relation to an employee." A.R.S. § 23-362(B). The corporation or limited liability company must generate no less than $500,000 in gross annual revenue. *See* A.R.S. § 23-362(C); *see Hoppmann v. Pampered Pets & Plants Inc.*, No. CV-22-00427-PHX-DWL, 2024 WL 380973, at *9 (D. Ariz. Feb. 1, 2024). The AMWA defines an employee as "any person who is or was employed by an employer." A.R.S. § 23-362(A).

According to the Complaint, Defendants qualify as employers because they "individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work," (Doc. 1 at 7, 14, ¶¶ 29, 88), and their enterprise had annual gross sales of at least $500,000, (*Id.* at 9, ¶¶ 44–45). Plaintiff was an employee as defined under the AMWA because she was employed by Defendants. (*Id.* at 7, 12, ¶¶ 27, 29, 67–69). Finally, Plaintiff alleges Defendants failed to pay her the Arizona minimum wage for the sixty hours of work she performed. (*Id.* at 13, 18, ¶¶ 74, 105–06). Accordingly, Plaintiff has sufficiently pleaded a claim under the AMWA.

Similarly, the Court finds that Plaintiff's factual allegations show Defendants violated the AWA. The AWA requires that "[e]ach employer, on each of the regular paydays, shall pay to the employees all wages due the employees up to that date." A.R.S. § 23-351(C). The AWA defines an "employee" as "any person who performs services for an employer under a contract of employment either made in this state or to be performed wholly or partly within this state." A.R.S. § 23-350(2). An "employer" is defined as "any individual, partnership, association, joint stock company, trust or corporation . . . employing any person." A.R.S. § 23-350(3). "This statutory definition does not, in other words, authorize individual liability against the owners, officers, and directors of a corporate employer in a case where the claim is for the employer's wholesale failure to pay wages." *Rosen v. Fasttrak Foods LLC*, No. CV-19-05292-PHX-DWL, 2021 WL 2981590, at *5 (D. Ariz. July 15, 2021). Plaintiff asserts the AWA claim against Defendant Michelle Drywall only. (Doc. 1 at 19). Plaintiff's allegations that Defendant Michelle Drywall employed her and failed to pay her wages are sufficient to state a claim under the AWA. (*Id.* at 20, ¶¶ 109, 113). Because Plaintiff's well-pled factual allegations must be taken as true, Plaintiff has stated plausible claims for relief under the FLSA, the AMWA, and the AWA. Therefore, the second and third *Eitel* factors weigh in favor of default judgment.

iii. <u>Fourth *Eitel* Factor</u>

Under the fourth factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176; *see*

*also Eitel*, 782 F.2d at 1471. "When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged." *Zekelman*, 2020 WL 1495210, at *4 (citation omitted). Plaintiff seeks $7,506 in liquidated damages. (Doc. 16 at 11–12). The Court does not find this amount to be so "substantial or unreasonable" as to make default judgment inappropriate. Plaintiff alleges that Defendants failed to pay her regular wage for approximately sixty hours of work and the overtime premium wage for approximately ninety-eight hours of overtime. (*Id.* at 6). Considering Plaintiff's wage of $27 per hour and an overtime premium of $13.50 per hour, Plaintiff should have been paid $1,620 in unpaid wages and §1,323 in overtime premium wages. (*Id.*). Plaintiff's requested damages accurately represent the amount of wages—trebled, as prescribed by the AWA and doubled, as prescribed by the FLSA—that Defendants allegedly failed to pay Plaintiff. *See* A.R.S. § 23-355(A); 29 U.S.C. § 216(b). Plaintiff supports her calculation of damages with a sworn declaration. (Doc. 16-1). The Court has no reason to believe the requested damages are excessive. In light of the supporting documentation and the overall reasonableness of Plaintiff's requested relief, the Court finds the fourth *Eitel* factor weighs in favor of default judgment.

**c. Relief Sought**

Unlike the Complaint's other factual allegations, those pertaining to damages are not taken as true upon default. *Geddes*, 559 F.2d at 560; *see also Tolano v. El Rio Bakery*, No. CV-18-00125-TUC-RM, 2019 WL 6464748, at *6 (D. Ariz. Dec. 2, 2019) ("[A] '[p]laintiff is required to prove all damages sought in the complaint.'" (second alteration in original) (citation omitted)). A plaintiff must "provide evidence of its damages, and the damages sought must not be different in kind or amount from those set forth in the complaint." *Fisher Printing Inc. v. CRG LTD II LLC*, No. CV-16-03692-PHX-DJH, 2018 WL 603299, at *3 (D. Ariz. Jan. 22, 2018) (citation omitted). Courts may rely on "declarations submitted by the plaintiff" in determining appropriate damages. *Tolano*, 2019 WL 6464748, at *6 (citation omitted).

Plaintiff seeks a total award of $7,506 plus reasonable attorneys' fees and costs. (Doc. 16-1 at 4–5, ¶ 23; Doc. 16 at 11). Plaintiff submitted a sworn declaration asserting that she did not receive payment for the approximately sixty hours of work and ninety-six hours of overtime she completed for Defendants. (Doc. 16-1 at 3, ¶¶ 8–10, 14; *see also* Doc. 16 at 5–6). Based on these figures, Plaintiff's wage of $27 per hour, and an overtime premium of $13.50 per hour, Plaintiff should have been paid $1,620 in regular wages and §1,323 in overtime premium wages. (Doc. 16-1 at 3, ¶¶ 12, 15; Doc. 16 at 6); *see Bemejo v. Shaker Contractors, Corp.*, 22 Civ. 1427 (JPC), 2022 WL 17251667, *4 (S.D.N.Y. Nov. 28, 2022) ("[T]he measure of their damages for unpaid overtime is simply the difference between the regular rate and the higher overtime rate, multiplied by the number of overtime hours worked. And since the overtime rate equals one and one-half times the regular rate, that difference is simply half of the regular rate multiplied by the number of overtime hours worked.").

If an employer "fails to pay wages due any employee" in violation of the AWA, "the employee may recover in a civil action against an employer or former employer an amount that is treble the amount of the unpaid wages." A.R.S. § 23-355(A). Likewise, an employer who fails to pay overtimes wages in violation of the FLSA shall be to the employee in the amount of their unpaid overtime wages "and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Thus, Plaintiff is statutorily entitled to recover $7,506 in liquidated damages, $4,860 in trebled unpaid wages and $2,646 in doubled unpaid overtime premium wages, despite the fact Plaintiff lacks complete time or pay records resulting in an estimated number of total hours worked. *See Ramirez v. Unique Transitional Homes Staffing LLC*, No. CV-23-01882-PHX-DGC, 2024 WL 1740020, at *4 (D. Ariz. Apr. 23, 2024) ("Plaintiff does not have complete time or pay records and therefore has estimated the number of work hours for which she has not been paid. The current record, however, contains no evidence negating the reasonableness of Plaintiff's estimates of her hours worked." (internal record citation omitted)). Plaintiff's requested relief accurately calculates the damages to which she is statutorily entitled.

Plaintiff notes that she is entitled to $2,583 in trebled unpaid wages on her AMWA claim, (Doc. 16 at 9; Doc. 16-1 at 3–4, ¶¶ 11, 18), and $870 in doubled unpaid wages on her FLSA claim, (Doc. 16 at 9; Doc. 16-1 at 3–4, ¶¶ 11, 17). Plaintiff nonetheless concedes that her AMWA and FLSA damages are subsumed by her AWA damages, (Doc. 16 at 9–10; Doc. 16-1 at 4, ¶¶ 16–21), given that Arizona case law suggests that damages cannot be recovered when they are "engulfed by larger statutory awards," *Xalamihua v. GGC Legacy Janitorial Servs. LLC*, No. CV-23-00009-TUC-BGM, 2023 WL 8891393, *5 (D. Ariz. Dec. 26, 2023); *Sao v. Pro-Tech Prods. Inc.*, CV-19-05261-PHX-JJT, 2019 WL 6909566, *8 (D. Ariz. Dec. 19, 2019) (deferring an award of FLSA damages pending the resolution of the AMWA and AWA claims because any larger award would need to "factor in the FLSA damages."). For that reason, the Court finds it appropriate to award Plaintiff $7,506 in liquidated damages.

Plaintiff has asked for post-judgment interest pursuant to 28 U.S.C. § 1961. (Doc. 16 at 12). Federal law governs post-judgment interest. *Northrop Corp. v. Triad In'l Mktg., S.A.*, 842 F.2d 1154, 1155 (9th Cir. 1988). Pursuant to 28 U.S.C. § 1961, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." Plaintiff is thus entitled to post-judgment interest as well.

Additionally, Plaintiff intends to file a motion to recover her attorneys' fees and costs incurred in this action upon entry of a default judgment. (Doc. 16 at 11). The FLSA provides that a court shall allow reasonable attorneys' fees and costs to be paid by the defendant in addition to any judgments awarded to a plaintiff. 29 U.S.C. § 216(b). This award is mandatory, but the amount of reasonable attorneys' fees to be granted is within the court's discretion. *Alzate v. Creative Man Painting LLC*, No. CV-13-02129-PHX-BSB, 2015 WL 789727, at *3 (D. Ariz. Feb. 25, 2015). The Court directs Plaintiff to file a motion for attorneys' fees and costs in accordance with FRCP 54(d), LRCiv 54.1, and LRCiv 54.2.

///

///

## III. CONCLUSION

Having reviewed Plaintiff's Motion, and having considered the *Eitel* factors as a whole, the Court finds the entry of default judgment is appropriate.

**IT IS THEREFORE ORDERED:**

1. That Plaintiff's Motion for Default Judgment (Doc. 16) is **granted**. Default judgment, pursuant to FRCP 55(b)(2), is entered in favor of Plaintiff and against all Defendants on Counts One (FLSA), Two (FLSA), and Three (AMWA), and against Defendant Michelle Drywall, LLC only on Count Four (AWA);
2. That Plaintiff is awarded a total of $7,506 in liquidated damages against Defendant Michelle Drywall, LLC;
3. That of that $7,506, all Defendants are jointly and severally liable for $5,229 in trebled minimum wages and doubled overtime premium wages;
4. That Plaintiff is awarded post-judgment interest calculated at the applicable statutory rate pursuant to 28 U.S.C. § 1961(a);
5. That Plaintiff shall have until **August 31, 2026**, to file a motion for attorneys' fees in accordance with FRCP 54(d)(2) and the Local Rules; and
6. That the Clerk of Court shall enter judgment accordingly and **terminate** this action.

Dated this 18th day of August, 2026.

Honorable Steven P. Logan
United States District Judge